**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

UNITED STATES OF AMERICA,                      Criminal No. 05-270 DSD/AJB

                Plaintiff,

v.                               **REPORT AND RECOMMENDATION**

HUDOYKUL FATTOYEVICH HAFIZOV,

                Defendant.

David M. Genrich, Esq., Assistant United States Attorney, for the plaintiff, United States of America;

Jordan S. Kushner, Esq., appearing for the defendant, Hudoykul Fattoyevich Hafizov.

This action came on for hearing before the Court, Magistrate Judge Arthur J. Boylan, on September 22, 2005, at the U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415. The Court issued an Order on Motions dated September 26, 2005, reserving defendant's motion to suppress statements [Docket No. 34] and motion to dismiss [Docket No. 37] for submission to the District Court on report and recommendation.

Based upon the file and documents contained therein, along with witness testimony and exhibits received at hearing, the Magistrate Judge makes the following:

**Findings**

Immigration and Customs Enforcement Special Agent Amy Hendel attended a public immigration hearing on March 16, 2005, involving defendant Hudoykul Fattoyevich Hafizov. The hearing was a master calendar matter before Immigration Judge Dierkes and was held in Bloomington,

MN. The proceedings related to a removability claim and an asylum claim. Other persons present at the hearing included ICE Chief Counsel Darin Hetfield and U.S. Marshal McCaffrey. Defendant Hafizov represented himself at the proceeding. At the hearing defendant was advised of his right to counsel and he indicated that he did not require the assistance of an interpreter.[1] A date was set for a subsequent individual hearing and the defendant was instructed by the Immigration Judge to provide biographical information and fingerprints. Following the hearing both Special Agent Hendel and Chief Counsel Hetfield sought to obtain biographical information from Mr. Hafizov. To that end the defendant agreed to go the ICE offices across the street from the hearing location to complete forms. Agent Hendel and U.S. Marshal McCaffrey identified themselves and showed their credentials to the defendant. When asked if he needed an interpreter, the defendant again stated that he did not. Hendel and McCaffrey met with the defendant in a conference room/break room at the ICE offices. The officers wore professional, civilian clothing. McCaffrey was carrying a firearm, but the weapon was not displayed and there was no reference to it in the meeting. The defendant sat a table across from the officers and both doors to the room were closed. Defendant was not handcuffed. He was earlier advised that the meeting could take place at another time, but he indicated that he had time at present. No threats or promises were made to the defendant to induce his cooperation. Thereafter, Mr. Hafizov completed a Department of Homeland Security Form G-325A, Biographical Information (Hearing Exh. No. 1), and a Supplemental/Updated Biographical Information form (Hearing Exh. No. 2). The G-325A form indicates that it was being submitted in connection with defendant's asylum application and

---

[1] Defendant is a native of Uzbekistan (Hearing Exh. No. 1).

was signed by Mr. Hafizov. The supplemental form was signed by the defendant and witnessed by Agent Hendel and U.S. Marshal McCaffrey. The discussions were in English and defendant made no request for an interpreter. Defendant was not arrested and he left ICE offices after the interview and after being photographed and fingerprinted in accordance with ICE practice in removal proceedings.

On August 19, 2005, Special Agent Hendel again spoke with the defendant at the Bloomington ICE offices and he was arrested at that time. Mr. Hafizov had been asked to come to the ICE offices where Hendel and U.S. Marshal McCaffrey again met with him and advised him that a warrant had been issued for his arrest. Defendant was not placed in handcuffs and none were shown to him. Both officers wore professional civilian clothing and both carried concealed firearms which were not displayed. Defendant was given the <u>Miranda</u> warning and a Consular Notification advisory. McCaffrey read the rights verbatim from a written Advice of Rights form (Hearing Exh. No. 3) which was signed by the defendant and was witnessed by the agents. Mr. Hafizov was also presented an advice of rights form that was printed in defendant's native language (Hearing Exh. No. 4). He also reviewed and signed that form after expressly acknowledging that, line by line, the document stated the same rights as the English document. Finally, defendant read and signed a Consular Notification document, and he waived his right to have notification of proceedings sent to the Uzbekistan consulate. (Hearing Exh. No. 5). No threats or promises were made to induce defendant's cooperation, and he agreed to speak with agents without the assistance of an attorney.

Defendant Hafizov was cooperative and eager to speak with the officers throughout the four-hour interview. He was offered food and water and was not denied the use of a restroom. He did not request an attorney. He was responsive and willing to answer questions. No threats or promises

3

were made with respect to deportation or otherwise.  Following the interview the defendant was transported to jail and was booked.

On August 22, 2005, while in the custody of U.S. Marshals and awaiting an initial appearance before a United States Magistrate Judge on federal criminal charges, the defendant advised the U.S. Marshals that he wanted to speak with ICE agents again.  Agent Hendel, Marshal McCaffrey and another agent met with the defendant in a holding cell at the U.S. Marshal's detention facility.  Mr. Hafizov was again advised of his rights and he stated that he remembered them and wanted to talk with agents without an attorney present.   A subsequent interview lasted approximately an hour to an hour-and-15-minutes.  The officers did not carry firearms or handcuffs and no threats or promises were made, or physical coercion used, to induce defendant's cooperation.

Based upon the foregoing Findings, the Magistrate Judge makes the following:

**Conclusions**

1.  **March 16, 2005, Statements.**  Defendant Hudoykul Fattoyevich Hafizov's statements to ICE Special Agent Hendel and U.S. Marshal McCaffrey at ICE offices in Bloomington, Minnesota, on March 16, 2005, were not made while defendant was under arrest or otherwise in custody.   Defendant was present at the location at his own election and he understood that he could leave; defendant's statements were freely and voluntary provided; the statements were not the result of promises, threats, or coercion; the statements were not obtained in violation of Mr. Hafizov's constitutional rights, including the right to counsel and the right to remain silent; and defendant was not arrested at the conclusion of the interview.  The statements should not be suppressed under the circumstances presented in this case.  See  Thatsaphone v. Weber, 137 F.3d 1041, 1044-45 (8th Cir.

1998).

2. **August 19, 2005, and August 22, 2005, Statements.**  Defendant Hafizov's statements agents in separate interviews on August 19, 2005, and August 22, 2005, were provided voluntarily and were not obtained in violation of defendant's constitutional rights.  Though defendant had been arrested and was in custody, he was properly advised of his rights pursuant to Miranda on both occasions, and he effectively waived his right to remain silent and his right to have an attorney present during questioning with respect to both interview sessions.  Suppression of defendant's custodial statements is not required.

Based upon the foregoing Findings and Conclusions, the Magistrate Judge makes the following:

## RECOMMENDATION

The Court **hereby recommends** that:

1. Defendant Hudoykul Fattoyevich Hafizov's Motion to Suppress Statements be **denied** [Docket No. 34]; and

2. Defendant Hudoykul Fattoyevich Hafizov's Motion to Dismiss based on Discriminatory Prosecution or to Compel Discovery be **denied** [Docket No. 37].

Dated:     September 27, 2005

                                               s/ Arthur J. Boylan
                                              Arthur J. Boylan
                                              United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before October 12, 2005.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.